CHASEZ, Judge.
Lumbermans Sash & Door Co. a Texas Corporation domiciled in Dallas County, filed suit in the First City Court of New Orleans against David M. Greenup, d/b/a Greenup Realty Co. for the sum of $831.82 allegedly due on open account for various merchandise sold and delivered as described in invoices attached to the petition. The defendant answered, denying the allegations of the petition other than admitting his status and residence, and alleged that all debts due had been paid and further, that the defendant was entitled to certain credits which served to offset any amounts previously owed, and which credits had been acknowledged by the plaintiff.
At the trial of this matter counsel for the plaintiff first called the defendant to the stand for cross-examination. After some six pages of testimony, the defendant’s counsel objected with the words:
“Your Honor, I object, I think that this is improper cross-examination. Mr. Friend, if you want to prove up your case, prove it up by your plaintiff.”
The objection was maintained and the plaintiff’s counsel excepted to the ruling to no avail. He then immediately rested his case, and counsel for the defendant moved for a dismissal of the case. The Court granted the dismissal as of non-suit.
The plaintiff has appealed, arguing that the court erred in maintaining the objection, and in not holding that the plaintiff had proved by his cross-examination a prima facie case. The plaintiff prays for judgment in this court for $741.94 which the plaintiff considers as proved up.
We agree that the court erred in sustaining the objection. Article 1634 of the Louisiana Code of Civil Procedure provides :
“Any party or his representative may be called as a witness and cross examined by an adverse party without the latter vouching for his credibility, or being precluded from impeaching his testimony. The court may permit the recall and further cross examination of the party or of his representative as often as it deems in the interest of justice.”
******
Therefore the cross examination was entirely proper.
The only substantial evidence in the record was a tendered check for $255.51 by *691 Mr. Greenup which was not cashed by the plaintiff, and a letter dated February 8, 1966 wherein the defendant said that $1576.88 was the balance due as of September 30, 1965 and that various itemized credits resulted in a balance due of $255.31, the check for which was tendered with the letter. Both plaintiff and defendant accept the legal proposition that the plaintiff has the burden in proving the account, and the defendant has the burden of establishing the credits which he claims thereto.
In the interest of justice, we feel that the only course we can take is to vacate the lower court’s judgment and remand the case for the further taking of evidence from both sides.
Vacated and remanded.